JOHN KANEWAALAU AKAU, JR., TADAO ITO AND ROBERT NAKAMURA, TRUSTEES UNDER AGREEMENT AND DECLARATION OF TRUST, DATED MAY 29, 1946, KNOWN AS THE VETERANS VILLAGE, *v.* THE CITY AND COUNTY OF HONOLULU.

No. 2693.

ARGUED MAY 6, 11, 1948.                    DECIDED MAY 28, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This submission poses the alternative questions whether upon a petition filed pursuant to the provisions of Revised Laws of Hawaii 1945, section 6709, by the owners of 100 per cent of the area of land designated by them as a proposed improvement district, requesting, among other improvements, the installation of a sanitary sewerage system, the land specially benefited thereby should be assessed under the provisions of Revised Laws of Hawaii 1945, section 6702, according to the area of lands within such improvement district at a rate not to exceed one cent per square foot, any costs in excess of the amount of such assessment to be borne by the city and county, or whether the one cent rate fixed by the provisions of section 6702, *supra*, is applicable only where betterment proceedings are initiated by the board of supervisors under the provisions of Revised Laws of Hawaii 1945, section 6706.

In our opinion, the first question should be answered in the affirmative and the alternative in the negative.

Public works, for the improvement or construction of which by the assessment of private property benefited the betterment laws of the Territory[1] may be invoked, include generally the establishment, opening, extending, widening and altering of any street, alley or other highway, including sidewalks in the district of Honolulu, except Moanalua, or the grading, paving, curbing or macadamizing or otherwise improving the whole or any part of any existing public street, alley or other highway or sidewalk in said district, subject to the same exception, in-

---

[1] R. L. H. 1945, c. 129, §§ 6701-6738, both incl., as am.

cluding the construction of a storm drainage system or otherwise improving the same to an extent exceeding the maintenance and repair thereof or the construction or improvement of a storm drainage system independently.[2]

The law provides[3] that the term "storm drainage system" whenever used in this chapter [R. L. H. 1945, c. 129], shall include "sanitary sewerage system."

Included in the general purposes for which the betterment or improvement laws may be invoked when thereto requested upon the petition of the owners of not less than 60 per cent of the frontage upon any street, alley or highway designated by them or 60 per cent of the area of land designated by them as a proposed improvement district, are certain additional special purposes, *viz.*, "for the construction or improvement of a * * * sewerage system, water main and service pipe system or street lighting system."[4]

Under the provisions of section 6709, improvement districts may be created upon the petition by owners of 100 per cent of the frontage upon any street, alley or highway or of the area of land designated by them. Upon such petition, by implication, request may be made for all or any of the general or special purposes enumerated. Hence it is that included in the purposes, both general and special, for which the betterment or improvement laws may be invoked by the owners of 100 per cent of the frontage upon any street, alley or highway or the area of land designated by them as a proposed improvement district, are both "sewerage systems" and "sanitary sewerage systems," in the case of the former of which it would seem that the cost thereof is governed by the provisions of Revised Laws of Hawaii 1945, section 6701, unless assumed

[2] R. L. H. 1945, § 6701.
[3] *Id.* § 6702.
[4] *Id.* § 6708.

by the city and county under the discretionary power contained in section 6705, and must be assessed against the land specially benefited on a frontage or area basis, and in the case of the latter of which the cost thereof is governed by the provisions of Revised Laws of Hawaii 1945, section 6702, by assessment against the land specially benefited by such improvement according to the area of the lands within the improvement district at a rate not to exceed one cent per square foot, the balance of cost thereof to be borne by the city and county. It should be noted that in the case of the installation of sanitary sewerage systems the method of assessment is confined to an area basis and the maximum rate of assessment is arbitrarily fixed. The county attorney contends that the entire cost of the installation of a sanitary sewerage system is assessable upon an area basis and that the provisions of section 6702, *supra,* do not apply except upon proceedings initiated by the board of supervisors pursuant to section 6706, *supra.*

In the instant case the parties have agreed that the subject in controversy is an assessment for the installation of a "sanitary sewerage system." Hence, the solution of the questions presented lies in the construction to be placed upon the provisions of law applicable to assessments for the installation of sanitary sewerage systems and not those applicable to "sewerage systems."

Section 6702, as originally enacted, provided: "Section 1. Chapter 119 of the Revised Laws of Hawaii 1925, as amended by Act 191 of the Session Laws of 1925, is hereby further amended by adding a new section thereto, to be known as Section 1851A, to read as follows: 'Section 1851A. Sewers included. The term "storm drainage system" whenever used in this chapter shall include "sanitary sewerage system"; provided, however, that the Board of Supervisors shall not be required to construct sanitary

sewerage system under the provisions of this chapter, except as provided under Sections 1856 and 1856A.'"[5]
section 2 of the same Act, section 1856 of chapter 115
the Revised Laws of Hawaii 1925, as amended by sec.
5 of Act 191 of the Session Laws of 1925, was furt.
amended to include the special improvement purpo.
heretofore referred to and by section 3 thereof chapter
of the Revised Laws of Hawaii 1925 was amended y
adding a new section to be known as section 1856A. Section 1856, in the revision of 1945, is section 6708 a..d
section 1856A, as amended by the Laws of 1929, Act 205,
section 1, is, in the same revision, section 6709. Sec on
6708 has to do with petitions for betterments or impr. vements by 60 per cent of property owners and section 6709
with petitions by 100 per cent.

By the Laws of 1939, Act 210, there was added to the
Laws of 1927, Act 98, section 1, a second proviso reading
as follows: "'provided, further, that for the installation
of sanitary sewerage systems, the lands especially benefitted by such improvement shall be assessed * * * not to
exceed one cent per square foot, and the balance of the
costs shall be borne by the city and county.'" As thus
supplemented, it appears in the 1945 revision as section
6702 and is quoted in the margin.[6] It is conceded by the
city and county attorney that Laws 1947, Act 44, by which

---

[5] S. L. 1927, Act 98, § 1.

[6] "Sec. 6702. Sewers included. The term 'storm drainage system'
whenever used in this chapter shall include 'sanitary sewerage system';
provided, however, that the board shall not be required to construct any
sanitary sewerage system under the provisions of this chapter, except
as provided under sections 6708 and 6709; provided, further, that for
the installation of sanitary sewerage systems, the lands espec lly
benefitted by such improvement shall be assessed according to the rea
of the lands within an improvement district at a rate not to exceed one
cent per square foot, and the balance of the costs shall be borne by
the city and county."

tion 6702, *supra,* has been further amended, does not ply to the instant case.

Obviously, section 6702, *supra,* as originally enacted, ved a dual purpose, one to include sanitary sewerage tems as a subject of the existing betterment and improvement law; the other to remove any ambiguity that might arise from such inclusion and the existing power reposed in the board of supervisors by the provisions of l svised Laws of Hawaii 1925, section 1738, paragraph 13, authorizing the board to establish and maintain sewer works, a power exercisable independently of the better- n it law at the cost of the municipality. This independence is emphasized by the provisions of Laws 1925, Act 15., as amended, and of Laws 1927, Act 210, as amended. The use of the word "required," as employed in section 6702, has no special significance further than as a word of limitation upon the application of the provisions of the betterment and improvement laws upon the powers of the board of supervisors. The coercive powers of the board of supervisors of initiation of proceedings under the better- ment laws (§ 6706), and of requiring, under the general laws, the laying of sewer mains in new subdivisions be- fore the same are offered for sale (R. L. H. 1925, § 1738, par. 14), still remained.

It is equally obvious from the 1927 amendment by which the second proviso of section 6702, *supra,* was added, that the legislature sought to limit, upon petition by private owners, the amount of the cost assessable against them for the cost of the installation of sanitary sewer- age systems and thereby encourage petitions.

Hence, the second proviso of section 6702, *supra,* must be considered as a qualification upon the provisions of section 6701, imposing the entire cost of betterments or improvements upon the land benefited and upon section 6705 in respect to costs of general improvements to be

borne by the municipality. There is nothing to indicate that the second proviso was operative only in the case of proceedings initiated by the board.

We have purposely refrained from considering the legal effect of the inclusion in the general and special purposes for the betterment or improvement laws for which its provisions may be invoked by private property owners of both terms "sanitary sewerage systems" and "sewerage systems" and from making any distinction between those terms. The Act does not carry definitions of these terms. The county attorney, upon suggestion by the court at argument that there might be a distinction between "sanitary sewerage systems" and "sewerage systems," replied that there was none and no distinction has been observed by the municipal agencies having to do with the administration of the betterment laws. Due to the admission by both parties that the assessment in controversy was for the installation of a "sanitary sewerage system," we have determined the controversy upon that premise and excluded from our consideration the significance, if any, of the presence of the term "sewerage system" in section 6708.

*M. Marumoto* (*Murakami & Marumoto* with him on the briefs) for the trustees.

*F. A. McKinley,* Deputy City and County Attorney (*W. D. Godbold,* City and County Attorney, with him on the brief) for the City and County of Honolulu.